# WARREN, *Respondent,*
## *v.*
# JOYCE et al, *Appellants.*

547 P2d 147

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellants.

*Carlton D. Warren* of Solomon, Warren, Killeen & Kirkman, Portland, argued the cause for respondent. Also on the brief were Richard W. Butler and Thwing, Atherly and Butler, Eugene.

O'CONNELL, C. J.

## O'CONNELL, C. J.

This is a suit in the nature of a suit to quiet title to certain real property. Defendants appeal from a decree granting plaintiff's requested relief.

Plaintiff acquired his interest in the property through a sheriff's certificate and deed executed to plaintiff upon his purchase of the property at a sale on the foreclosure of a second mortgage, which foreclosed the interests of all persons except Felix Bauer, the holder of a first mortgage on the property. Plaintiff concedes that his interest is subordinate to the interest of Bauer or his successors in interest. Defendants Joyce acquired Bauer's interest as trustees for Seldon and Alta Mason. The defendants Joyce and Mason contend that they not only acquired Bauer's interest but that they also cut off the interest plaintiff acquired at the foreclosure sale.

We can find no basis for reaching this result. The validity of the foreclosure sale is not questioned and it is undisputed that defendants had notice of plaintiff's interest when they acquired Bauer's interest as first mortgagee. There is no evidence to establish any other ground that would cut off plaintiff's interest. The decree of the trial court must, therefore, be affirmed insofar as it recognizes the validity of plaintiff's interest acquired at the foreclosure sale. The decree could be interpreted as cutting off the interest of defendants as assignee of the first mortgagee. The foreclosure of the second mortgage did not, of course, affect the interest of Bauer or his successors in the first mortgage and therefore it remains a lien on the property in question unless it has been discharged or otherwise terminated. The decree should be clarified to exclude from the foreclosure the superior lien of the first mortgage.

Affirmed as modified.